PROB 12
(Rev 02/94)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    **Criminal Action No. 1:94CR000053-001-KAJ** |
| | ) |
| Glenny Coleman, III, | ) |
| | ) |
| Defendant. | ) |

**SEALED**

### Petition on Probation and Supervised Release

COMES NOW <u>Craig H. Carpenter</u> Probation Officer of the Court presenting an official report upon the conduct and attitude of <u>Glenny Coleman, III</u>, who was placed on supervision by the Honorable <u>Roderick R. McKelvie,</u> sitting in the court at <u>Wilmington, Delaware,</u> on the <u>4th</u> day of <u>August 1995</u>, who fixed the period of supervision at <u>five (5) years,</u> and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

**Please See Attached**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

**Please See Attached**

**PRAYING THAT THE COURT WILL ORDER** ...a warrant for the arrest of Glenny Coleman, III, so he can be brought before the Court to answer to charges of violations of supervised release.

**ORDER OF COURT**

So ordered this _22nd_
day

of _March_ 2006.

_____
U. S. District Judge

CERTIFIED:  3/22/06
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, **CLERK**

BY _____
Deputy Clerk

I declare under penalty of perjury the foregoing is true and correct,

_____
Senior U.S. Probation Officer

Executed on     March 22, 2006

Place     Wilmington, DE.

Page 2
RE: Glenny Coleman, III
Petition for Action
March 22, 2006

## Special Conditions of Supervision

1. The defendant shall not possess a credit card application and/or have a credit card in his personal possession.

2. The defendant shall not engage in any occupation which allows access to personal financial information, social security numbers, U.S. currency, or cash refund slips, without prior approval of the probation officer.

3. The defendant shall not be employed in any bank, retail marketing firm, or retail store, without prior approval of the probation officer.

4. The defendant shall not establish any type of personal loans or lines of credit without prior approval of the probation officer.

5. Upon request, the defendant shall provide the probation office with full access to any financial record, or any other financial information.

6. The defendant shall make restitution totaling $ 30,000.00. The interest on restitution was waived.

7. The defendant shall participate in a mental health program of testing and treatment as directed by the U.S. Probation Office. (Imposed by the Hon. Kent A. Jordan on October 15, 2003)

## Petition for Action: Cause for Violation(s) of Supervised Release

**Mandatory Condition**: While on supervised release, you shall not commit another Federal, state, or local crime.

**Evidence**:  In April 2005, the defendant committed bank fraud when he fraudulently purchased a 2002 Cadillac Escalade from a dealership in Langhorne, Pennsylvania. In order to purchase this vehicle, the defendant provided false information to complete the Univest National Bank & Trust Company bank loan application. The defendant used a fictitious name (Eugene J. Adams), a social security number not assigned to him (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) and he provided false employment information.  The defendant received a loan in the amount of $38,339.00 to purchase the vehicle. The Univest National Bank & Trust Company is a federally insured financial institution.

Page 3
RE: Glenny Coleman, III
Petition for Action
March 22, 2006

**Standard Condition #1:** You shall not leave the judicial district without permission of the Court or the probation officer.

**Evidence:** On or about April 8, 2005, and other times thereafter, the defendant left the District of Delaware and traveled to the Paul Burns Auto Center, Langhorne, Pennsylvania, where he made arrangements to fraudulently purchase a 2002 Cadillac Escalade, serial number 1GYEK63N42R133492. While under federal supervised release, the defendant never received permission from the probation officer to leave the District of Delaware to travel to Langhorne, Pennsylvania.

**Special Condition #4:** The defendant shall not establish any type of personal loan or lines of credit without prior approval of the probation officer.

**Evidence:** In April 2005 the defendant fraudulently purchased a 2002 Cadillac Escalade from the Paul Burns Auto Center, Langhorne, Pennsylvania. The defendant did not ask for nor did he receive prior approval to purchase a vehicle from this dealership.